211

[No. 36342.    Department Two.    January 10, 1963.]

THOMAS CLARK et al., Appellants, v. H. D. FOWLER et al.,
Respondents.*

Knapp & Knapp, for appellants.

Richard C. Reed (of Brethorst, Fowler, Bateman, Reed &
McClure), for respondents.

HUNTER, J.—This is the second appeal by the plaintiff
(appellant) in this cause of action. The first appeal, as
reported in Clark v. Fowler, 58 Wn. (2d) 435, 363 P. (2d)
812 (1961), reversed a judgment for the defendants
(respondents) and remanded the cause with instructions
to enter conclusions of law and judgment in conformity
therewith or, in the alternative, to enter such other findings
of fact and conclusions of law as the record would sustain.
Thereafter, the trial court again entered judgment for the
defendants and this appeal resulted.

The main dispute in this litigation concerns the alleged
balance owing on a construction contract and an offset for
the improper installation of the heating system thereunder.

*Reported in 377 P. (2d) 998.

Believing the system did not meet the specifications of the contract, the defendants, owners of the house, withheld final payment. Thereupon, the plaintiff filed a claim of lien upon the property for the balance and began the instant action.

The next step taken by the parties is described in finding of fact No. 10, the interpretation of which is challenged in this appeal:

"In an attempt to settle their dispute, plaintiff and defendant met in the spring of 1958 and agreed that if plaintiff would install an additional duct (not called for by the contract), defendant would pay plaintiff the balance due under the contract. Plaintiff thereafter installed the duct, but defendant refused to pay. Thereafter, on June 17, 1958, at defendant's request, plaintiff insulated the additional duct, and performed other labor to correct, change and supplement work previously done. That at the time of making this agreement, in the spring of 1958, both the plaintiff and defendant considered and were aware of all disputed items contained in the complaint, answer and cross-complaint herein."

In our opinion disposing of the first appeal, *Clark v. Fowler, supra*, we held that the plaintiff-contractor could not be liable for the failure of the heating system to function properly because the defendants' architect, in his capacity as agent of the defendants, had approved its design and the contractor had installed the system in conformity therewith. In addition, we said:

". . . Further, by finding of fact No. 10, all of the factual elements to establish accord and satisfaction were found by the court to have been proved. *Trompter v. United Ins. Co.*, 51 Wn. (2d) 133, 316 P. (2d) 455 (1957); *Bellingham Securities Syndicate v. Bellingham Coal Mines*, 13 Wn. (2d) 370, 125 P. (2d) 668 (1942), and cases cited."

With that we remanded the cause to the trial court, as heretofore stated, to either change its findings of fact and conclusions of law as the record will sustain, or to enter conclusions of law and judgment in conformity with our decision. The trial court made some changes in the findings, but made no alteration or amendment to finding of fact No. 10 and, once again, entered judgment for the defendants.

In his present appeal, the plaintiff assigns error to the trial court's failure to enter judgment in his favor and in entering conclusions of law and for reinstating the judgment when not supported by the findings of fact.

Since the trial court did not alter or amend finding of fact No. 10, the plaintiff contends that an accord and satisfaction is conclusively established pursuant to our holding, as quoted above, in the first appeal of this cause.

In reply, the defendants contend that the case of *Shopping Center Management Co. v. Rupp*, 54 Wn. (2d) 624, 343 P. (2d) 877 (1959), is controlling and, since we did not mention the case in our first opinion, the trial court properly could disregard our statement concerning the accord and satisfaction and reinstate the judgment in reliance thereon.

The precise contention that the *Shopping Center* case is controlling was before this court in the first appeal. Having reversed the judgment and by our statement regarding finding of fact No. 10, it is implicit that we decided against this contention. Questions determined on appeal, or which might have been determined had they been presented, will not again be considered on a subsequent appeal in the same case, if there is no substantial change in the evidence at a second determination of the cause. *Zorich v. Billingsley*, 55 Wn. (2d) 865, 350 P. (2d) 1010 (1960); *Miller v. Sisters of St. Francis*, 5 Wn. (2d) 204, 105 P. (2d) 32 (1940).

We find no substantial change in the findings in the instant case. No request for a rehearing of the first appeal was filed. Our opinion apprised the defendants and the trial court of the effect of finding of fact No. 10. Having remained unchanged, it is the law of the case upon this appeal. There having been an accord and satisfaction, the balance in dispute is owing to the plaintiff.

The judgment is reversed and the cause remanded to the trial court with instructions to enter judgment for the plaintiff in conformity herewith. The plaintiff, having prevailed, will be allowed taxable costs of this appeal together

with costs of the first appeal subject to disallowances for costs therein made.

FINLEY, C. J., DONWORTH, OTT, and HAMILTON, JJ., concur.