[No. 37358.   Department One.   May 27, 1965.]

JAMES M. ADAMSON, *as Guardian, Appellant,* v. JOE W. TRAYLOR *et al., Respondents.*\*

*Horton & Wilkins,* by *Hugh B. Horton,* for appellant.

*Gavin, Robinson, Hendrick & Redman, Stanley S. Pratt,* and *Robert R. Redman,* for respondents.

ROSELLINI, C. J.—This case has been before the court before. *Adamson v. Traylor,* 60 Wn.2d 332, 373 P.2d 961. The facts are stated in the opinion in that case; and on re-

\*Reported in 402 P.2d 499.

mand of the case for a new trial as directed in that opinion, the evidence presented was substantially the same as that presented in the first trial. The second jury returned a verdict for the defendants, as had the first; and the plaintiff has again appealed.

The first five assignments of error are all based on the plaintiff's contention that the issue of contributory negligence of the 8-year-old boy whose injuries were the subject of the suit was improperly submitted to the jury, the plaintiff maintaining that there was no evidence to justify a finding of such negligence. This same proposition was argued on the first appeal and we held that, inasmuch as no exception was taken to the instruction given which submitted this issue to the jury for its consideration, it became the law of the case.

It is also the rule that questions determined on appeal, or which might have been determined had they been presented, will not again be considered on a subsequent appeal if there is no substantial change in the evidence at a second determination of the cause. *Clark v. Fowler*, 61 Wn.2d 211, 377 P.2d 998. The Supreme Court is bound by its decision on the first appeal until such time as it might be authoritatively overruled. *Kennett v. Yates*, 45 Wn.2d 35, 272 P.2d 122. Accordingly, it has become the law of this case that the issue of contributory negligence of the minor was properly submitted to the jury.

The same rule disposes of the plaintiff's contention that the trial court should have instructed the jury on the second phase of the doctrine of last clear chance, a question which was decided adversely to the plaintiff's contention on the first appeal, because of his failure to except to the refusal of such an instruction.

Error is assigned to the court's refusal of the plaintiff's requested instruction to the effect that one is presumed to see what is there to be seen. The defendant driver admitted that he saw the bedroll lying on the ground, but testified that he did not recognize what it was, and there was no evidence that the boy was visible outside the bedroll. Since

there was no evidence that the defendant failed to see something which was "there to be seen," the refusal of this instruction was not error.

Other assignments of error broach the proposition that the court's instructions on the duty of the defendant driver did not properly state the law and that instructions proposed by the plaintiff should have been given instead. It would serve no useful purpose to set forth the instructions given or those refused. We have examined them and find that the court instructed the jury correctly and adequately on this subject, and the refusal of the plaintiff's requested instructions was justified.

■ Objection is made to the court's refusal of one of the plaintiff's damage instructions. Inasmuch as the verdict was in favor of the defendants and that verdict is to be sustained, if the refusal of this instruction was error, it was harmless error.

It is the plaintiff's final contention that the trial court was prejudiced and that consequently, he was denied a fair trial. However, he does not point to any ruling of the trial court which reflected this alleged prejudice or to any remark or conduct of the court which would have conveyed to the jury the impression that the court was prejudiced or had formed an opinion about the credibility of the witnesses. We find no merit in this contention.

The judgment is affirmed.

HILL, OTT, and HUNTER, JJ., and BARNETT, J. Pro Tem., concur.