IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Detention of: | ) | No. 30752-2-III |
| | ) | |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| DONALD T. TOWNSEND. | ) | |
| | ) | |

KULIK, J. — This is the second time this case is before us. In an unpublished

decision, we held that the trial court erred by sealing juror questionnaires without a *Bone-*

*Club*[1] analysis. However, we concluded that there was no structural error or prejudice to

Donald Townsend and remanded for reconsideration of the sealing order based on the

*Bone-Club* factors. *In re Det. of Townsend*, noted at 157 Wn. App. 1039, 2010 WL

3221940. Upon remand, the trial court weighed the *Bone-Club* factors and determined

the sealing was proper. Mr. Townsend appeals that decision, contending the trial court's

failure to evaluate the *Bone-Club* factors in the first trial cannot be remedied by a

retroactive *Bone-Club* hearing. We disagree and affirm the trial court.

---

[1] *State v. Bone-Club*, 128 Wn.2d 254, 906 P.2d 325 (1995).

FACTS

In February 2009, a jury found that Mr. Townsend was a sexually violent predator. Two days after the jury returned its verdict, the court, on its own motion, sealed juror questionnaires, which had asked whether the juror or someone close to the juror had experienced or been accused of sexual assault. Mr. Townsend appealed, arguing that the trial court's procedure in summarily sealing the juror questionnaires, without considering the *Bone-Club* factors, was a structural error that required a new trial, or, alternatively, a remand for reconsideration of the order to seal based upon the required factors. We affirmed the civil commitment, but remanded the matter for a *Bone-Club* hearing to reconsider the sealing of the questionnaires. The Washington Supreme Court denied Mr. Townsend's petition for review.

At the hearing on remand, Mr. Townsend argued that the court's initial failure to conduct a *Bone-Club* analysis could not be remedied by a retroactive application of the *Bone-Club* factors. He argued, "to go back now and no matter how we do it, it still won't give my client the benefit of jury selection in an open forum." Report of Proceedings at 10. The State argued that the law of the case doctrine precluded revisiting the issue of remedy. The trial court concluded the sealing was proper under *Bone-Club*, finding in relevant part:

2

5. All present at the time of the motion for reconsideration was heard were given an opportunity to object to the sealing of portions of these questionnaires.

6. No one present at the time the motion for sealing the questionnaires objected to the sealing of portions of these questionnaires.

7. The sealing of only portions of the certain questionnaires is the least restrictive means available for protecting the threatened interests.

8. The Court weighed the competing interests of the proponent of closure and the public. The sealing of only portions of certain questionnaires was the result of this weighing by the Court.

9. This order is no broader in its application or duration than necessary to serve its purpose. The sealing of only portions of certain questionnaires will protect Respondent's compelling interests and the public interests as well.

Clerk's Papers at 362.

Mr. Townsend appeals.

## ANALYSIS

Mr. Townsend contends he is entitled to a new trial because the trial court's failure to evaluate the *Bone-Club* factors before sealing the juror questionnaires cannot be cured by a retroactive application of the factors. Specifically, he contends that a *Bone-Club* hearing after trial fails to fully address the effects of a closure because "there was no actual opportunity for a member of the public to object to the closure." Appellant's Br. at 12. The State responds that Mr. Townsend is precluded by the law of the case doctrine from revisiting the issue of remedy.

3

"The law of the case doctrine provides that once there is an appellate court ruling, its holding must be followed in all of the subsequent stages of the same litigation." *State v. Schwab*, 163 Wn.2d 664, 672, 185 P.3d 1151 (2008) (citing *Roberson v. Perez*, 156 Wn.2d 33, 41, 123 P.3d 844 (2005)). Thus, "'questions determined on appeal, or which might have been determined had they been presented, will not be considered on a subsequent appeal if there is no substantial change in the evidence.'" *Folsom v. County of Spokane*, 111 Wn.2d 256, 263, 759 P.2d 1196 (1988) (quoting *Adamson v. Traylor*, 66 Wn.2d 338, 339, 402 P.2d 499 (1965)).

Under RAP 2.5(c)(2), we have the discretion to review an earlier decision in the same case and, where justice would best be served, decide the case on the basis of our opinion of the law at the time of later review. However, we usually only reconsider a decision where (1) the decision is "clearly erroneous" and would work a "manifest injustice" to one party if the decision were not set aside or (2) where there has been an "intervening change in controlling precedent" between the time of trial and appeal. *Roberson*, 156 Wn.2d at 42.

Here, the issue of remedy was briefed by the parties and considered by this court in *Townsend*. In the first appeal, Mr. Townsend argued that the trial court violated his public trial right by sealing juror questionnaires after trial without analyzing the

4

courtroom closure factors required by *Bone-Club*. He asked us to reverse and remand for a new trial or, alternatively, remand for a *Bone-Club* hearing. We held the trial court's failure to conduct a *Bone-Club* hearing was not structural error[2] and, therefore, reversal for a new trial was unnecessary. In determining that the error was not structural, we noted the questionnaires were used only for jury selection, which occurred in open court, and that nothing indicated the questionnaires were not part of the open public proceedings during the four-day jury selection process or prior to their sealing after trial.

In this second appeal, Mr. Townsend points to no controlling change in precedent. Nor can he argue our decision was clearly erroneous. Relying on our State Supreme Court's plurality decision in *In re Detention of D.F.F.*, 172 Wn.2d 37, 256 P.3d 357 (2011), Mr. Townsend contends that remand for a *Bone-Club* hearing does not address the fundamental violation of his constitutional right to a public trial. He maintains the court's findings of fact 5, 6, 8, and 9 illustrate the inadequacy of a remand hearing because a *Bone-Club* analysis is meaningless after trial.

---

[2] Structural error is error that defies harmless error analysis and "'necessarily render[s] a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.'" *Washington v. Recuenco*, 548 U.S. 212, 218-19, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006) (quoting *Neder v. United States*, 527 U.S. 1, 9, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999)).

*Detention of D.F.F.* is inapposite. In that case, the court unanimously held that Mental Proceeding Rules (MPR) 1.3, which requires automatic closure of involuntary commitment proceedings, violated the right to a public trial. The lead opinion, signed by four justices, held that the violation constituted structural error, entitling D.F.F. to new commitment proceedings regardless of whether prejudice could be shown. *Det. of D.F.F.*, 172 Wn.2d at 42-43. The two concurring justices concluded that D.F.F. was entitled to a new proceeding because sufficient prejudice had been shown. *Id.* at 48-49.

Unlike *Detention of D.F.F.*, the error here was not structural and therefore a new trial was not warranted. The juror questionnaires were used as screening tools and were available for public inspection during and after trial, voir dire occurred in open court, and the public had the opportunity to observe the proceedings. In view of these facts, we agreed with Mr. Townsend's suggestion to remand for a *Bone-Club* hearing. Our Supreme Court has recently held that when an appellant seeks a new trial to remedy an alleged violation of the public's right to open records—without also demonstrating an infringement of his right to a public trial—the alleged error does not warrant a retrial. *State v. Beskurt*, 176 Wn.2d 441, 447, 293 P.3d 1159 (2013). Here, everything "that was required to be done in open court was done." *Id.* at 447-48.

6

Mr. Townsend has not demonstrated that our earlier decision was "clearly erroneous" or that there has been an "intervening change in controlling precedent" to call into question our decision. Therefore, *Townsend* is the law of the case.

There is no basis to revisit our decision in *Townsend*. The trial court's sealing of juror questionnaires after trial was not reversible error necessitating a new trial.

We affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Kulik, J.

WE CONCUR:

_____
Brown, J.

_____
Fearing, J.

7