FILED
COURT OF APPEALS
DIVISION II

2015 MAR 31 AM 8: 37

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45730-0-II |
| Respondent, | |
| v. | |
| | UNPUBLISHED OPINION |
| TERRY L. JACOB, | |
| Appellant. | |

MAXA, P.J. — Terry Jacob appeals the sentencing court's denial of his request for substitute counsel on resentencing, as well as his sentence for driving under the influence (DUI) and driving with a suspended license. He argues that the sentencing court (1) violated his constitutional right to counsel by failing to inquire into the breakdown of his relationship with his attorney, and (2) improperly considered a 1997 DUI conviction when calculating his offender score. Jacob also submitted a statement of additional grounds (SAG) in which he asserts that he received ineffective assistance of counsel because his attorney ignored him. We hold that the sentencing court did not err, and we do not consider Jacob's ineffective assistance of counsel claim. Accordingly, we affirm Jacob's sentence.

## FACTS

In 2011, Jacob was convicted of DUI and driving with a suspended license and sentenced to 60 months confinement. He appealed his convictions and sentence to this court. We held that the original sentencing court had improperly added points to Jacob's offender score for prior

convictions from 1988 and 1993, and remanded for resentencing and recalculation of Jacob's offender score.

At his resentencing, Jacob told the sentencing court that he needed to speak with his attorney because they had not yet discussed the resentencing. Jacob's attorney then informed the sentencing court that Jacob previously had asked him about the possibility of requesting a new attorney. However, Jacob never stated at the resentencing hearing that he had a conflict with his counsel or requested that the sentencing court appoint new counsel. The sentencing court ruled that Jacob's assigned attorney was to continue representing him at resentencing.

The sentencing court noted that under our mandate, it was not allowed to consider two convictions from 1988 and 1993 when calculating Jacob's offender score. Jacob also asked the sentencing court not to consider a 1997 DUI conviction. The sentencing court did not address the 1997 conviction, but did remove the 1988 and 1993 convictions from consideration. It then determined that Jacob's offender score was seven, including a point for the 1997 DUI conviction. The court sentenced Jacob to a low-end sentence of 51 months in confinement with nine months of community custody supervision.

Jacob appeals his sentence.

## ANALYSIS

### A.    FAILURE TO APPOINT NEW COUNSEL

Jacob argues that the sentencing court violated his constitutional right to counsel by denying appointment of new counsel without inquiring into the breakdown of his relationship with his assigned attorney. We disagree because Jacob never requested that the trial court appoint new counsel.

We review a trial court's refusal to appoint new counsel for an abuse of discretion. *State v. Lindsey*, 177 Wn. App. 233, 248, 311 P.3d 61 (2013), *review denied*, 180 Wn.2d 1022 (2014). A trial court abuses its discretion where its decision is manifestly unreasonable or based upon untenable grounds. *Id.* at 248-49. A decision is based on untenable grounds if it rests on facts unsupported in the record or was reached by applying the wrong legal standard. *Id.* at 249.

Jacob correctly notes that the sentencing court made no attempt to inquire into the breakdown of his relationship with his attorney. But the threshold question is whether Jacob ever requested that new counsel be appointed to represent him.

Our cases have not yet established a standard for determining the sufficiency of a request for new counsel. But to invoke the right of *self-representation*, a defendant must unequivocally state a request to proceed without counsel. *State v. Coley*, 180 Wn.2d 543, 560, 326 P.3d 702 (2014). Such unequivocal requests are necessary to limit baseless constitutional challenges on appeal. *State v. Imus*, 37 Wn. App. 170, 179-80, 679 P.2d 376 (1984). This rule also is necessary "[t]o protect defendants from making capricious waivers of counsel, and to protect trial courts from manipulative vacillations by defendants regarding representation." *State v. DeWeese*, 117 Wn.2d 369, 376, 816 P.2d 1 (1991).

Similar concerns exist regarding requests for appointment of new counsel. Our Supreme Court in *State v. Cross* assumed without deciding that requests for appointment of new counsel should be analyzed the same as requests for self-representation. 156 Wn.2d 580, 607, 132 P.3d 80 (2006). As the court in *Cross* apparently recognized, there is a risk of capriciousness and manipulation with requests for substitute counsel just as with requests to proceed without

counsel. We adopt the assumption in *Cross* and hold that in order to invoke any right to change counsel, a defendant must expressly and unequivocally request that new counsel be appointed.

Here, Jacob never expressly requested new counsel or described any particular disagreement with his attorney. Jacob told the court only that he needed to talk to his attorney before proceeding with resentencing. His attorney told the sentencing court that Jacob previously expressed a desire to have the court appoint an attorney other than a public defender to represent him. But at the resentencing hearing neither Jacob nor his attorney requested new counsel or described a breakdown in the attorney-client relationship. Jacob at most implied that communication with his attorney had been inadequate by indicating that they needed to talk before proceeding.

Because Jacob failed to unequivocally request new counsel, we hold that the sentencing court did not abuse its discretion in not inquiring into the attorney-client conflict in this case and therefore did not violate Jacob's constitutional right to counsel.

B. OFFENDER SCORE CALCULATION

Jacob argues that the sentencing court erred by including the 1997 DUI conviction in his offender score. The State argues that the law of the case doctrine precludes our consideration of this issue. We hold that Jacob is not barred by the law of the case doctrine from raising this issue on this appeal, but that the sentencing court correctly calculated his offender score.

1. Law of the Case Doctrine

The State argues that the law of the case doctrine bars Jacob from challenging the inclusion of the 1997 DUI conviction in his offender score because he did not raise the issue in

4

his first appeal even though the conviction was included in his offender score at the original sentencing. We disagree.

Under the law of the case doctrine, " 'questions determined on appeal, or which might have been determined had they been presented, will not again be considered on a subsequent appeal if there is no substantial change in the evidence at a second determination of the cause.' " *Folsom v. County of Spokane*, 111 Wn.2d 256, 263, 759 P.2d 1196 (1988) (quoting *Adamson v. Traylor*, 66 Wn.2d 338, 339, 402 P.2d 499 (1965)).

However, the law of the case doctrine does not bar a defendant from raising issues at resentencing that he could have raised on appeal of the original sentence, as long as the appellate court vacates the original sentence and remands for unconstrained resentencing. *See State v. Rowland*, 160 Wn. App. 316, 331, 249 P.3d 635 (2011), *aff'd*, 174 Wn. 2d 150 (2012); *State v. Toney*, 149 Wn. App. 787, 792, 205 P.3d 944 (2009). The doctrine does not apply because such a resentencing is a new proceeding resulting in an entirely new sentence. *See Toney*, 149 Wn. App. at 792.

Jacob's original sentence was based on an offender score calculated using the 1997 conviction. In his appeal of that sentence, Jacob challenged the use of the 1988 and 1993 convictions under former RCW 9.94A.525(2)(e)(i) (2011). He could have challenged the use of the 1997 conviction as well, but he did not. Although we based our ruling on the use of the 1988 and 1993 convictions, we unequivocally "vacate[d] Jacob's sentence, and remand[ed] for recalculation of Jacob's offender score and resentencing." *State v. Jacob*, 176 Wn. App. 351, 364, 308 P.3d 800 (2013). As a result, we hold that Jacob could challenge the use of the 1997

conviction at resentencing and on this second appeal, even though he did not raise the same issue in his first appeal.

2.   Use of the 1997 Conviction

Jacob argues that a point for his 1997 DUI conviction should not have been included in his offender score because (1) the applicable statute did not support the addition of the point, and (2) the State failed to prove necessary underlying facts. We disagree.

We review the calculation of a defendant's offender score de novo. *State v. Arndt*, 179 Wn. App. 373, 320 P.3d 104 (2014).

a.   Statutory Interpretation

Former RCW 9.94A.525(2)(e) provided:

> If the present conviction is felony driving while under the influence of intoxicating liquor or any drug . . . prior convictions of felony driving while under the influence of intoxicating liquor or any drug, felony physical control of a vehicle while under the influence of intoxicating liquor or any drug, and serious traffic offenses shall be included in the offender score if: (i) The prior convictions were committed within five years since the last date of release from confinement (including full-time residential treatment) or entry of judgment and sentence; or (ii) the prior convictions would be considered "prior offenses within ten years" as defined in RCW 46.61.5055.

Jacob argues that the legislature's use of the plural "convictions" with the conjunction "and" instead of "or" before "serious traffic offenses" shows its intent to require points for a prior DUI conviction only where the defendant also was convicted of other related offenses in combination. We reject this interpretation.

If a statute's meaning is plain on its face, we give effect to that plain meaning as an expression of legislative intent. *First Citizens Bank & Trust Co. v. Harrison*, 181 Wn. App. 595,

602, 326 P.3d 808, *review denied*, 337 P.3d 326 (2014). When determining a statute's plain meaning, we look to the language of the statute and its context, including related statutes. *Id.*

Former RCW 9.94A.525(2)(e) plainly uses the plural "convictions" and the conjunction "and" to establish the list of three offenses to which this provision applies, not to establish a requirement that a defendant be convicted of all three crimes in combination. Jacob's interpretation is inconsistent with the rest of former RCW 9.94A.525, which uses "convictions" in the same manner for related provisions. *Compare* former RCW 9.94A.525(2)(c) *with, e.g.,* former RCW 9.94A.525(2)(e).[1] While we presume that the legislature uses the word "and" as a conjunction in line with its ordinary meaning, the word "must sometimes be given disjunctive force to preserve legislative intent." *State v. Kozey*, 183 Wn. App. 692, 698, 334 P.3d 1170 (2014), *review denied*, 342 P.3d 327 (2015). Jacob has not plausibly argued that the legislature intended to include convictions for the listed offenses only where they occur in combination, and we interpret the provision as creating disjunctive requirements.

      b.    State's Failure to Prove Necessary Facts

Jacob also argues that the State failed to prove the facts necessary to include the 1997 conviction in his offender score. We disagree.

At sentencing, the State must prove all prior convictions by a preponderance of the evidence. *State v. Hunley*, 175 Wn.2d 901, 909-10, 287 P.3d 584 (2012). To include Jacob's 1997 DUI conviction under former RCW 9.94A.525(2)(e)(i), the State had to prove that the

---

[1] The legislature has since changed the statutory language such that this argument no longer can be made. *See* RCW 9.94A.525(2)(e).

crime had been committed "within five years since the last date of release from confinement . . . or entry of judgment and sentence."

In our opinion resolving Jacob's first appeal, we included a list of his prior convictions. *Jacob*, 176 Wn. App. at 356. That list included the date on which the judgment and sentence was entered for the 1993 drug conviction. Jacob now argues that the State failed to prove at resentencing the dates of his release from confinement and entry of the judgment and sentence for that crime and therefore failed to prove that he had been convicted of the 1997 DUI within five years of either of those dates. But our opinion established the date on which the 1993 judgment and sentence was entered, as proved at Jacob's original sentencing. Jacob could have offered evidence at resentencing to challenge that established date, RCW 9.94A.530(2); *State v. Jones*, 182 Wn.2d 1, 338 P.3d 278 (2014), but he did not do so. Even now, Jacob does not argue that the date of entry listed in our earlier opinion was inaccurate.

The State had no burden to reprove the established date of entry on resentencing. Because the judgment and sentence for the drug crime was entered in 1993, five years had not elapsed before Jacob was convicted of the 1997 DUI. We hold that the sentencing court did not err by including a point for the 1997 DUI in Jacob's offender score.

C.    SAG ARGUMENT

Jacob's SAG appears to suggest that he received ineffective assistance of counsel because his attorney ignored him when he wanted to talk about resentencing arguments. This argument depends upon facts outside the record and is not reviewable in a direct appeal. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Therefore, we do not consider Jacob's argument.

8

We affirm Jacob's sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

LEE, J.

MELNICK, J.