**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| SANDRA L. FERGUSON and THE FERGUSON FIRM, PLLC, | DIVISION ONE |
| Appellants, | No. 81662-4-I |
| v. | UNPUBLISHED OPINION |
| LAW OFFICE OF BRIAN J. WAID, BRIAN J. WAID and JANE DOE WAID, and their marital community. | |
| Respondents. | |

DWYER, J. — Sandra Ferguson and The Ferguson Firm, PLLC (collectively Ferguson) appeal from the judgment awarding an amount due, plus prejudgment interest, on an account stated counterclaim filed by Brian Waid, d/b/a Law Office of Brian J. Waid. Ferguson contends that Waid was required to prove that he fulfilled his contractual obligations to Ferguson in order to be entitled to the amount due on his account stated counterclaim. Because Ferguson fails to establish an entitlement to relief, we affirm.

I

The factual basis for this appeal is set forth in Ferguson v. Law Office of Brian J. Waid, No. 74512-3-I (Wash. Ct. App. Apr. 15, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/745123.pdf. In that opinion, we provided that, "[o]n remand, the trial court must grant [Brian] Waid partial summary judgment as to his account stated established at the time of [Sandra] Ferguson's

January 2012 payment." <u>Ferguson</u>, No. 74512-3-I, slip op. at 21. On March 27, 2020, we issued a mandate, which provided that the "case is mandated to the Superior Court from which the appeal was taken for further proceedings in accordance with the attached true copy of the decision."

On remand, Waid moved to enforce the mandate in the superior court.[1] On June 26, 2020, the superior court entered an order granting Waid's motion. This order provided, in part,

> that Judgment be rendered in favor of Plaintiff-in-Counterclaim, Brian J. Waid d/b/a Law Office of Brian J. Waid, against Defendants-in-Counterclaim Sandra L. Ferguson and The Ferguson Firm, PLLC, jointly and severally, in the amount of $59,764.42, together with legal interest at the rate of 12% per annum from February 14, 2012 until paid.

Accordingly, that same day, the superior court entered judgment in favor of Waid pursuant to CR 54(b). The judgment provided, in part:

> A. The mandate of Division I directed that, on remand, this Court "must grant Waid partial summary judgment as to his account stated established at the time of Ferguson's January 2012 payment."
> B. Pursuant to RAP 12.2, Defendants-in-Counterclaim SANDRA L. FERGUSON and THE FERGUSON FIRM, PLLC cannot dispute that the principal amount of $59,764.42 remains due and owing and unpaid and cannot appeal from the judgment awarding that amount to Plaintiff-in-Counterclaim.
> C. The amounts indisputably due Plaintiff-in-Counterclaim by Defendants-in-Counterclaim were incurred by Defendants-in-Counterclaim during the period from May 2011 through mid-February 2012.
> D. Plaintiffs/Defendants-in-Counterclaim Ferguson and The Ferguson Firm, PLLC initiated this lawsuit in October 2014.
> E. Under these circumstances, it would be unjust to continue to delay entry of a final judgment in favor of Plaintiff-in-Counterclaim Waid for the fees and litigation expenses incurred with him by Defendants-in-Counterclaim Sandra L. Ferguson and

---

[1] This motion does not appear in the record on appeal. However, the superior court's order on the motion makes clear that Waid filed a motion to enforce the mandate.

The Ferguson Firm, PLLC. No other litigation is pending that might reduce or nullify this award.

On July 29, 2020, Waid filed a motion to dismiss "ALL REMAINING CLAIMS BY ALL PARTIES, WITH RESERVATIONS OF RIGHTS." On August 13, the superior court entered an order granting the motion. The order provided, in part:

> All remaining claims by all parties are hereby DISMISSED, subject to the following reservations:
> A.   Sandra L. Ferguson and The Ferguson Firm, PLLC reserve their right to appeal from the June 26, 2020 judgment against them.

Ferguson appeals.

II

Ferguson contends that the superior court erred by not properly enforcing our mandate. This is so, she asserts, because Waid did not prove that he fulfilled his contractual obligations to Ferguson. We disagree.

In Ferguson, we stated that the trial court

> denied summary judgment [on Waid's account stated counterclaim] based on its erroneous belief that whether Waid performed the work to earn the attorney fees claimed to be due was material to his account stated counterclaim. Instead, the trial court should have considered *solely* whether the undisputed facts established that Waid presented written invoices to Ferguson setting forth the state of the account between Waid and Ferguson and whether Ferguson assented to the account as presented in such invoices.

No. 74512-3-I, slip op. at 19 (emphasis added) (footnote omitted).

Additionally, we stated that, "[o]n remand, the trial court must grant Waid partial summary judgment as to his account stated established at the time of Ferguson's January 2012 payment." Ferguson, No. 74512-3-I, slip op. at 21.

3

On March 27, 2020, we issued a mandate, which provided that the "case is mandated to the Superior Court from which the appeal was taken for further proceedings in accordance with the attached true copy of the decision."

Under RAP 12.2:

> Upon issuance of the mandate of the appellate court as provided in rule 12.5, the action taken or decision made by the appellate court is effective and binding on the parties to the review and governs all subsequent proceedings in the action in any court, unless otherwise directed upon recall of the mandate as provided in rule 12.9, and except as provided in rule 2.5(c)(2).

Thus, our decision in Ferguson, No. 74512-3-I, was binding on the superior court on remand. As such, Waid was not required to establish any additional facts in order to be entitled to the amount due on his account stated counterclaim.

Ferguson asserts that the following language from our opinion required Waid to establish that he fulfilled his contractual obligations to Ferguson before he was entitled to final judgment on the account stated counterclaim:

> [U]nlike the account stated claim, whether Waid actually performed the work pursuant to his contract with Ferguson is material to whether Ferguson owes Waid damages for a breach of that contract. If Waid did not fulfill all of his obligations pursuant to his contract with Ferguson, then he may not be entitled to his claimed fees as damages.

Ferguson, No. 74512-3-I, slip op. at 19 n.15.

But Ferguson attempts to misuse this passage. This language provides only that Waid was required to prove his breach of contract counterclaim in order to establish that he was entitled to damages for *breach of contract*. Waid was entitled to judgment on his account stated counterclaim regardless of whether he

ever prevailed on his breach of contract counterclaim, in which he sought a greater monetary recovery.

Nevertheless, Ferguson cites to our Supreme Court's opinion in Northwest Motors, Ltd. v. James, 118 Wn.2d 294, 822 P.2d 280 (1992), and a federal appellate court's opinion in Eimco-BSP Service Co. v. Valley Inland Pacific Constructors, Inc., 626 F.2d 669 (9th Cir. 1980), in support of her argument that Waid was required to establish that he fulfilled his contractual obligations before the superior court could enter final judgment on the account stated counterclaim. In doing so, she plainly attempts to relitigate an issue decided adversely to her in the prior appeal. She may not do so. We say this because "'[i]t is . . . the rule that questions determined on appeal, or which might have been determined had they been presented, will not again be considered on a subsequent appeal if there is no substantial change in the evidence at a second determination of the cause.'" Folsom v. County of Spokane, 111 Wn.2d 256, 263, 759 P.2d 1196 (1988) (quoting Adamson v. Traylor, 66 Wn.2d 338, 339, 402 P.2d 499 (1965)); see also RAP 2.5(c). Thus, we decline to address Ferguson's argument.[2]

---

[2] In her reply brief, Ferguson asserts, for the first time, that the "the trial court erred because the *amount* of the judgment it certified as final and entered in favor of Mr. Waid included the account stated *after* January 2012 even though the mandate directed the trial court to enter summary judgment for Mr. Waid's account stated *through* January 2012." Reply Br. of Appellant at 4. However, "[a]n issue raised and argued for the first time in a reply brief is too late to warrant consideration." Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); see also RAP 10.3(c). Accordingly, Ferguson waived this argument.

Ferguson also contends that, on remand, this case was improperly assigned to the superior court judge who oversaw the case. However, Ferguson neither assigns error to nor requests affirmative relief with regard to this issue. Indeed, Ferguson's single assignment of error provides:

> The trial court erred when it failed to enforce this Court's March 27, 2020 mandate and entered a final judgment in cause no. 14-2-29265-1 SEA, even though Mr. Waid had not proven that he was entitled to collect any legal fees from Ms. Ferguson.

Br. of Appellant at 1.

Accordingly, the superior court did not err by entering judgment on the account stated counterclaim.

III

Waid requests an award of attorney fees pursuant to RAP 18.9(a). Waid asserts that he is entitled to such an award because Ferguson filed a frivolous appeal. See Mahoney v. Shinpoch, 107 Wn.2d 679, 692, 732 P.2d 510 (1987). Waid also requests that we sanction Ferguson and her attorney pursuant to RAP 18.9(a) for filing a frivolous appeal. We deny Waid's requests.[3]

Affirmed.

_____
Dwyer, J.

WE CONCUR:

_____          _____
                                 Appelwick, J.

---

We therefore decline to address whether the cause was improperly assigned to the superior court judge.

[3] The parties have made several other requests for affirmative relief. All such other requests for affirmative relief are denied.

6