# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| EMILIO M. KOSROVANI, a single individual, | DIVISION ONE |
| Appellant, | No. 84565-9-I |
| v. | UNPUBLISHED OPINION |
| ROGER JOBS MOTORS, INC. dba ROGER JOBS AUDI, VW, PORSCHE dba AUDI BELLINGHAM, | |
| Respondent. | |

DWYER, J. — Emilio Kosrovani, an attorney, appeals from the superior court's order denying his cross motion for the rescission of his settlement agreement with Roger Jobs Motors, Inc. (RJM) and vacation of the order enforcing that agreement. He also seeks reversal of the superior court's order striking his motion to join nonparty Laurel Hansen in this litigation. In addition, Kosrovani seeks, on behalf of nonparty Hansen, reversal of the superior court's order striking her motion for intervention in the case. Finally, Hansen seeks reversal of our decision in Kosrovani v. Roger Jobs Motors, Inc., No. 80400-6-I, (Wash. Ct. App. July 6, 2021) (unpublished)

No. 84565-9-I/2

http://www.courts.wa.gov/opinions/pdf/80400-6%20order%20and%20opinion.pdf,

review denied, 198 Wn.2d 1033 (2022).[1]

Kosrovani asserts that the superior court was without subject matter jurisdiction when entering the order granting RJM's motion for enforcement of the settlement agreement. Thus, he contends, both that order and our subsequent decision affirming that order are void. Kosrovani's assertions, however, are premised on two misconceptions. First, he misperceives that subject matter jurisdiction is pertinent to the issues raised herein. Second, Kosrovani is incorrect that nonparty Hansen's rights were in any way at issue in this litigation.

Given that Kosrovani's claims of error arise solely from his misperceptions of the facts and law of this case, we affirm the superior court's orders denying Kosrovani's cross motion for rescission of the settlement agreement and vacation of the order enforcing that agreement, striking his motion for joinder of nonparty Hansen, and striking nonparty Hansen's motion to intervene in this litigation.

I

On November 19, 2018, Kosrovani filed in the superior court a personal injury complaint against RJM, which operates a car dealership and service department in Bellingham. Kosrovani asserted therein claims of premises liability and negligence, as well as a claim for loss of consortium on behalf of Laurel Hansen, described in the complaint as his domestic partner. Kosrovani alleged that he "sustained traumatic injury to his brain and severe neurological injuries,"

_____

[1] In the caption of his briefing on appeal, Kosrovani wrongfully included Hansen as a party in this action. However, Hansen could be included in the case caption only if she had been named as a party in the original pleading. She was not. Accordingly, we have corrected the case caption submitted by Kosrovani to exclude nonparty Hansen.

2

resulting in "permanent ataxia, disequilibrium, and permanent disability," while in the automobile showroom.

RJM moved for summary judgment dismissal of Kosrovani's claims, asserting that Kosrovani could not demonstrate the breach of any duty by RJM or proximate causation of Kosrovani's alleged injuries. RJM further asserted that the loss of consortium claim asserted on behalf of Hansen must be dismissed, as Kosrovani was neither married to nor in a state-registered domestic partnership with Hansen. In an order filed on March 8, 2019, the superior court dismissed Kosrovani's loss of consortium claim. On March 15, 2019, the court granted summary judgment dismissal of Kosrovani's remaining claims. Following the superior court's denial of his motion for reconsideration, Kosrovani appealed from the summary judgment dismissal orders.

On December 18, 2019, while Kosrovani's appeal was pending, the parties engaged in mediation and executed a "CR 2A Memorandum of Settlement." Pursuant to the agreement, RJM thereafter sent to Kosrovani a "Release and Settlement of Claims." When Kosrovani refused to sign the document, RJM filed a motion to enforce the settlement agreement in the superior court. Kosrovani opposed the motion and filed a motion for leave to file a second amended complaint joining Hansen as a party in the action.

On February 28, 2020, the superior court granted RJM's motion to enforce the settlement agreement. The court ordered Kosrovani to sign the "Release and Settlement of Claims," to dismiss all claims in the lawsuit, and to withdraw his appeal of the summary judgment dismissal orders. The court additionally

3

ordered Kosrovani's cross motion for leave to amend the complaint to be stricken. Because Kosrovani had refused to accept tender of the settlement funds, the superior court authorized RJM to deposit the funds in the court registry. The superior court denied Kosrovani's subsequently filed motion for reconsideration. Kosrovani then appealed from the trial court's order enforcing the settlement agreement.

Kosrovani thereafter filed a motion in this court to join Hansen as an appellant. On August 6, 2020, our commissioner issued a ruling denying Kosrovani's motion. Our commissioner therein concluded that Hansen was not a party to the proceedings in the superior court and that the orders from which Kosrovani appealed do not involve any right or duty belonging to Hansen. A panel of judges thereafter denied Kosrovani's motion to modify the commissioner's ruling.

On July 6, 2021, we filed an unpublished opinion in Kosrovani, No. 80400-6-I.[2] We first concluded that the superior court did not err in entering the order enforcing the settlement agreement. Kosrovani, No. 80400-6-I, slip op. at 1. We further held that the issues raised in Kosrovani's appeal of the summary judgment orders were rendered moot by the settlement agreement. Kosrovani, No. 80400-6-I, slip op. at 2. Accordingly, we dismissed the remaining appeal. Kosrovani, No. 80400-6-I, slip op. at 2.

In so holding, we first rejected Kosrovani's contention that the superior court could not enforce the postjudgment settlement agreement because RJM

---

[2] Many of the facts set forth herein can also be found in our July 2021 decision.

had not followed the proper procedure, set forth in RAP 7.2(e), for pursuing postjudgment relief in the trial court while an appeal was pending. Kosrovani, No. 80400-6-I, slip op. at 4-5. We held that, while RJM "should have sought and obtained permission from this court to enter the order enforcing the settlement agreement before it was formally filed," the violation of RAP 7.2(e) did not mandate reversal. Kosrovani, No. 80400-6-I, slip op. at 5. Instead, we exercised our discretion pursuant to RAP 1.2 to overlook this procedural imperfection and "to retroactively grant permission for the trial court to formally enter the enforcement order and reach the merits of the issue." Kosrovani, No. 80400-6-I, slip op. at 6.

We additionally rejected Kosrovani's assertions that the superior court erred by enforcing the settlement agreement due to a genuine factual dispute as to its material terms; that the settlement agreement was unenforceable pursuant to CR 2A because it was not signed by the attorney who represented Kosrovani at mediation; and that the agreement was unenforceable because it had not been signed by Hansen.[3] Kosrovani, No. 80400-6-I, slip op. at 6-8. With regard to the last claim of error, we explained that "Hansen was not a party to the litigation below and is not a party to this appeal. There is no dispute that the CR 2A settlement agreement does not extinguish her potential claims. Her signature is not required to make the settlement enforceable as against Kosrovani." Kosrovani, No. 80400-6-I, slip op. at 8-9.

---

[3] Kosrovani also asserted that his execution of a release was a condition precedent to the existence of a valid settlement agreement and that the settlement agreement could not be enforced because it did not include all material terms regarding the scope of the release. Kosrovani, No. 80400-6-I, slip op. at 9-10. We similarly rejected those claims of error.

5

In conclusion, we held:

> The trial court did not err in granting RJM's motion to enforce the CR 2A agreement and ordering Kosrovani to sign the amended "Release and Settlement of Claims" and to dismiss his claims. Because our decision moots Kosrovani's appeal of the dismissal of those claims, we need not reach the parties' arguments raised in that appeal.

Kosrovani, No. 80400-6-I, slip op. at 11. Accordingly, we affirmed the superior court's order enforcing the settlement agreement. Kosrovani, No. 80400-6-I, slip op. at 11.

Kosrovani sought review of our July 2021 opinion. Our Supreme Court denied his petition for review. Kosrovani, No. 80400-6-I, review denied, 198 Wn.2d 1033 (2022). We thereafter issued a mandate returning the matter to the superior court for further proceedings consistent with our decision.

On February 11, 2022, RJM filed in the superior court a motion to release from the court registry the funds owed to Kosrovani pursuant to the settlement agreement. RJM therein noted that Kosrovani's appeals to our state's courts had been exhausted. Accordingly, RJM asserted, "[t]he sole remaining issues pursuant to the mandate are the release of Kosrovani's settlement funds and formal conclusion of this litigation."

In response, Kosrovani filed a motion opposing RJM's motion for disbursement of funds and a cross motion for rescission of the contract and vacation of the settlement enforcement order. Kosrovani additionally filed a motion for change of venue; a motion for joinder of Laurel Hansen as a co-plaintiff in the action; and a motion for intervention, issuance of a writ of mandamus, and for declaratory relief on behalf of Hansen. In its response to

Kosrovani's cross motions, RJM requested that the superior court deny the cross motions and impose CR 11 sanctions against Kosrovani for attempting to relitigate issues already addressed in our July 2021 decision.

On April 4, 2022, the superior court granted RJM's motion to release the settlement funds from the court registry and to conclude the litigation. Then, on April 8, 2022, the court denied Kosrovani's cross motion for rescission of the contract and vacation of the settlement enforcement order. Finding no basis to support a change of venue, the court additionally denied Kosrovani's motion seeking such relief. Concluding that the motions for joinder of Hansen and intervention by Hansen had already been addressed, the superior court struck both motions. The superior court denied RJM's request for sanctions and fees.

On May 2, 2022, Kosrovani filed a motion to stay the superior court's order granting RJM's motion to release funds from the court registry. The same day, he filed a notice of appeal, seeking direct review in the Supreme Court of the superior court's April 2022 orders. On May 20, 2022, in light of the filing of a notice of appeal, the superior court granted Kosrovani's motion to stay. In an order filed on October 12, 2022, our Supreme Court transferred the case to our court.

II

Kosrovani asserted in the superior court that the court's February 2020 order granting RJM's motion to enforce the settlement agreement must be

7

vacated pursuant to CR 60(b)(3) and CR 60(b)(11).[4]  According to Kosrovani, RJM breached a material term in the settlement agreement subsequent to the enforcement proceedings.  Such a breach, he asserted, constitutes a "reason justifying relief from the operation of the judgment" pursuant to CR 60(b)(11).  Similarly, Kosrovani asserted in the superior court that RJM's alleged breach of the settlement agreement constituted "[n]ewly discovered evidence" warranting vacation of the enforcement order pursuant to CR 60(b)(3).

However, Kosrovani does not assert on appeal that the superior court erred by denying his motion to vacate the enforcement order on the basis of CR 60(b)(3) or CR 60(b)(11).  Indeed, nowhere in his briefing does he mention these rules.  Because Kosrovani provides no argument on appeal regarding vacation of the court's order pursuant to CR 60(b)(3) or CR 60(b)(11), we will not review those claims of error.  RAP 10.3(a)(6) (requiring an appellant's brief to provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record"); see also Jackson v. Quality Loan Serv. Corp., 186 Wn. App. 838, 845, 347 P.3d 487 (2015).

III

On appeal, Kosrovani asserts that the superior court abused its discretion by denying his motion to vacate the order enforcing the parties' settlement agreement pursuant to CR 60(b)(6).  According to Kosrovani, the superior court

---

[4] CR 60 provides that "[o]n motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding" for the reasons enumerated therein.  Among those reasons are "[n]ewly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b)," CR 60(b)(3), and "[a]ny other reason justifying relief from the operation of the judgment," CR 60(b)(11).

was without subject matter jurisdiction to enter the enforcement order.[5]

Kosrovani additionally contends that it is no longer equitable for the superior

court's order to have prospective application because such application would

extinguish and bar nonparty Hansen's alleged claims.

We disagree. Kosrovani's assertion is based on two foundational

premises—first, that the superior court lacked subject matter jurisdiction to enter

the disputed order and, second, that Hansen's rights were in some way effected

by this litigation. Neither is true. Accordingly, the superior court did not abuse its

discretion in denying Kosrovani's motion to vacate.

A

CR 60(b)(6) permits a trial court to vacate a final judgment, order, or

proceeding when "[t]he judgment has been satisfied, released, or discharged, or

a prior judgment upon which it is based has been reversed or otherwise vacated,

or it is no longer equitable that the judgment should have prospective

application." We review a trial court's decision pursuant to CR 60(b) for an abuse

of discretion. In re Marriage of Tang, 57 Wn. App. 648, 653, 789 P.2d 118

(1990). "A court abuses its discretion when its decision is based on untenable

grounds or reasoning." Barr v. MacGugan, 119 Wn. App. 43, 46, 78 P.3d 660

(2003). "An appeal from the denial of a CR 60(b) motion is not a substitute for an

appeal and is limited to the propriety of the denial, not the impropriety of the

---

[5] Notwithstanding his assertion that the superior court's order enforcing the settlement agreement is void, Kosrovani does not assert that the order should be vacated pursuant to CR 60(b)(5), which provides for vacation of a court order when "[t]he judgment is void." Because he does not so contend, we review the superior court's order pursuant only to CR 60(b)(6), the sole rule addressed in Kosrovani's briefing on appeal.

underlying order." In re Dependency of J.M.R., 160 Wn. App. 929, 938 n.4, 249 P.3d 193 (2011).

B

Kosrovani sets forth in his briefing on appeal numerous assertions regarding the superior court's purported lack of subject matter jurisdiction to enter its order granting RJM's motion to enforce the parties' settlement agreement.[6] Kosrovani is incorrect, however, that the subject matter jurisdiction of the superior court is in any way implicated in this case. Rather, Kosrovani's claims of error concern whether the court had the authority to enter the order enforcing the parties' settlement agreement. As we held in our July 2019 decision in Kosrovani, No. 80400-6-I, the superior court did, indeed, have the authority to enter the disputed order. Accordingly, Kosrovani's assertions of error pertaining to the superior court's authority are without merit.

"Our Supreme Court has noted that Washington's courts, itself included, have been 'inconsistent in their understanding and application of jurisdiction.'" Boudreaux v. Weyerhauser Co., 10 Wn. App. 2d 289, 294, 448 P.3d 121 (2019) (quoting In re Marriage of Buecking, 179 Wn.2d 438, 447, 316 P.3d 999 (2013)). Indeed, whether a court has subject matter jurisdiction in a matter is "often

---

[6] Kosrovani variously contends that the superior court lacked jurisdiction to enter the order because Hansen was a necessary party in the proceedings; that the parties could not vest jurisdiction in the superior court by stipulation, and, thus, that the court was without such jurisdiction in entering the disputed order; that our July 2021 decision retroactively granting permission to the superior court to enter the enforcement order was erroneous and could not confer jurisdiction to that court; and that the superior court lacked the authority to act in granting RJM's motion to enforce the settlement agreement. As discussed infra, each of these arguments is premised on a misperception regarding the superior court's subject matter jurisdiction in this action.

confused with a court's 'authority to rule in a particular manner,' leading to 'improvident and inconsistent use of the term [jurisdiction].'" In re Marriage of McDermott, 175 Wn. App. 467, 480, 307 P.3d 717 (2013) (internal quotation marks omitted) (quoting Marley v. Dep't of Labor & Indus., 125 Wn.2d 533, 539, 886 P.2d 189 (1994)). To remediate this confusion, our Supreme Court has clarified that "'[s]ubject matter jurisdiction' refers to a court's ability to entertain a type of case, not to its authority to enter an order in any particular case." Buecking, 179 Wn.2d at 448. Accordingly, "'[a] court has subject matter jurisdiction where it has authority to adjudicate the type of controversy involved in the action.'" Boudreaux, 10 Wn. App. 2d at 295 (alteration in original) (internal quotation marks omitted) (quoting McDermott, 175 Wn. App. at 480-81).

Here, Kosrovani asserts that the superior court lacked subject matter jurisdiction to enter the February 2020 order granting RJM's motion for enforcement of the settlement agreement. As a result, he asserts, the superior court's order must be vacated. Further, Kosrovani contends, vacation of the enforcement order requires reversal of our mandated decision in Kosrovani, No. 80400-6-I, in which we affirmed the challenged enforcement order. We disagree.

The superior court has the authority to adjudicate personal injury actions, such as that initiated by Kosrovani. Accordingly, the court here had subject matter jurisdiction to enter the order enforcing the settlement agreement arising from that action. See, e.g., Boudreaux, 10 Wn. App. 2d at 295. Because "the type of controversy" is within the subject matter jurisdiction of the superior court, "all other defects or errors go to something other than subject matter jurisdiction."

11

Cole v. Harveyland, LLC, 163 Wn. App. 199, 209, 258 P.3d 70 (2011). Thus, each of Kosrovani's contentions regarding the superior court's purported lack of subject matter jurisdiction to enter the disputed order fails.

Kosrovani similarly misperceives the effect of our decision to retroactively grant permission to the superior court to enter the enforcement order. See Kosrovani, No. 80400-6-I, slip op. at 5-6. We held there that, notwithstanding RJM's failure to follow the proper procedure pursuant to RAP 7.2(e) in seeking postjudgment relief in the superior court, that violation did not mandate reversal of the court's enforcement order. Kosrovani, No. 80400-6-I, slip op. at 5-6. Accordingly, we "exercise[d] our discretion to retroactively grant permission for the trial court to formally enter the enforcement order and reach the merits of the issue," and we affirmed the court's postjudgment ruling. Kosrovani, No. 80400-6-I, slip op. at 6, 11.

Kosrovani now asserts that our decision erroneously conferred to the superior court the subject matter jurisdiction required for the court to enter the enforcement order. Again, Kosrovani is mistaken. RAP 7.2(e) did not divest the superior court of its subject matter jurisdiction in the case while Kosrovani's appeal was pending; nor did our subsequent decision in that appeal in any manner confer such jurisdiction back to the superior court. Indeed, we do not possess such authority. Rather, the enumerated subject matter jurisdiction of our state's superior courts is conferred by the Washington Constitution. CONST. art. IV, § 6. Such jurisdiction "cannot be modified or restricted by legislative enactment." Boudreaux, 10 Wn. App. 2d at 296. Residual subject matter

12

jurisdiction "may be restricted by legislative enactment if, and only if, such enactment vests exclusive jurisdiction over nonenumerated types of claims in some other court." Boudreaux, 10 Wn. App. 2d at 296-97. There is no authority, however, for the proposition that Washington's appellate courts can either divest the superior court of its subject matter jurisdiction or confer such jurisdiction to that court.

Kosrovani's claims of error regarding the superior court's purported lack of subject matter jurisdiction are premised on a grave misperception of the nature of subject matter jurisdiction. Because it has subject matter jurisdiction in personal injury actions, the superior court had such jurisdiction to enter the disputed enforcement order. Accordingly, each of Kosrovani's related claims of error fails.

C

Kosrovani additionally contends that the superior court's order enforcing the parties' settlement agreement is void because nonparty Hansen was neither joined as a party nor permitted to intervene in the litigation. According to Kosrovani, the superior court erred by denying his CR 60(b) motion to vacate the order on this basis.[7] We disagree. Again, our decision in Kosrovani, No. 80400-6-I, is dispositive. As we held there, because Hansen was neither a party to the

---

[7] Again, Kosrovani asserts various claims of error regarding the purported effect of nonparty Hansen's absence from the litigation, including that Hansen was deprived of her right of access to the courts when the superior court struck the motion for joinder and we affirmed the court's summary judgment dismissal of Hansen's purported claims; that we erred in affirming the order enforcing the settlement agreement because Hansen had not consented to that agreement; that we erred in concluding that the summary judgment dismissal of the underlying claims was mooted by our decision in Kosrovani, No. 80400-6-I; that the superior court erred in denying Hansen's attempt to intervene in the litigation following our mandated decision in that case; and that the order enforcing the settlement agreement must be vacated because it extinguishes nonparty Hansen's purported claims.

13

litigation in the superior court nor on appeal, the settlement agreement in no way impacted her rights. Kosrovani, No. 80400-6-I, slip op. at 8. Thus, given that Hansen has never been a party to this litigation, the superior court did not abuse its discretion in granting RJM's motion to enforce the settlement agreement.

Throughout the litigation, Kosrovani has repeatedly attempted to assert claims on behalf of nonparty Hansen and to receive permission to have her added as a party in the case. In dismissing on summary judgment the loss of consortium claim asserted on Hansen's behalf, the superior court concluded that such a claim could not be prosecuted because Kosrovani was neither married to Hansen nor in a state-registered domestic partnership with her, as required by RCW 4.08.030. See Kosrovani, No. 80400-6-I, slip op. at 2. On appeal, we concluded that the settlement agreement rendered moot Kosrovani's challenge to the summary judgment dismissal of his lawsuit against RJM. Accordingly, we dismissed that portion of the appeal. See Kosrovani, No. 80400-6-I, slip op. at 1-2.

In affirming the superior court's enforcement order, we rejected Kosrovani's assertion that the settlement agreement was unenforceable without nonparty Hansen's signature. Kosrovani, No. 80400-6-I, slip op. at 8. We therein explained that Hansen was not a party to the litigation and that the settlement agreement does not impact any potential claims she may have. Kosrovani, No. 80400-6-I, slip op. at 8-9. Our Supreme Court denied Kosrovani's petition for review and we thereafter issued a mandate concluding the action.

14

Then, in response to RJM's motion to release the settlement funds from the court registry and conclude the lawsuit, Kosrovani again asserted that nonparty Hansen should be joined in the action or permitted to intervene. Concluding that our decision had already resolved those issues, the superior court struck the motions for joinder and intervention. The court granted RJM's motion to release the funds and conclude the litigation.

Now Kosrovani asserts that the underlying enforcement order must be vacated pursuant to CR 60(b)(6), which provides for vacation of a judgment or order when "it is no longer equitable that the judgment should have prospective application." This is so, he contends, because the superior court's enforcement order, and our subsequent decision dismissing Kosrovani's appeal from the court's summary judgment orders, deprived Hansen of access to the courts and had the effect of extinguishing her claims. Kosrovani is incorrect.

Our decision in Kosrovani, No. 80400-6-I, demonstrates why this is so. As we explained there, "Hansen was not a party to the litigation below and is not a party to this appeal. There is no dispute that the CR 2A settlement agreement does not extinguish her potential claims." Kosrovani, No. 80400-6-I, slip op. at 8-9. Kosrovani's assertion that the enforcement order must be vacated due to its purported effect on Hansen's rights is without merit.[8]

---

[8] Throughout this litigation, Kosrovani has continued to raise identical issues regarding the purported necessity of nonparty Hansen's involvement in the action. Our decision in Kosrovani, No. 80400-6-I, slip op. at 8, provided final resolution of these issues. Nevertheless, it appears that Kosrovani believes he may perpetually challenge the final determinations of Washington courts. However, "[a]n appeal from the denial of a CR 60(b) motion is not a substitute for an appeal and is limited to the propriety of the denial, not the impropriety of the underlying order." J.M.R., 160 Wn. App. at 938 n.4. Kosrovani may not challenge the superior

15

We affirm the superior court's orders striking nonparty Hansen's motion for intervention and Kosrovani's motion for joinder of nonparty Hansen in the litigation. Concluding that the superior court did not abuse its discretion in declining to vacate the underlying enforcement order, we affirm the court's order denying Kosrovani's cross motion seeking such relief. We additionally decline Kosrovani's request to reverse our decision in Kosrovani, No. 80400-6-I, in which we affirmed the superior court's valid enforcement order.[9]

Affirmed.

_Duyn, J._

---

court's enforcement order on appeal from the court's denial of his CR 60(b) motion to vacate that order.

Moreover, "[u]nder the doctrine of 'law of the case,' . . . the parties, the trial court, and this court are bound by the holdings of the court on a prior appeal until such time as they are 'authoritatively overruled.'" Greene v. Rothschild, 68 Wn.2d 1, 10, 414 P.2d 1013 (1966) (quoting Adamson v. Traylor, 66 Wn.2d 338, 339, 402 P.2d 499 (1965)). Accordingly, questions that we decided in a prior opinion "'will not again be considered on a subsequent appeal if there is no substantial change in the evidence.'" Folsom v. County of Spokane, 111 Wn.2d 256, 263, 759 P.2d 1196 (1988) (quoting Adamson, 66 Wn.2d at 339). Such is the case here.

[9] Kosrovani seeks an award of attorney fees on appeal on behalf of nonparty Hansen. Hansen is neither a party nor a prevailing party on appeal. Accordingly, she is not entitled to such an award. We additionally decline RJM's request to grant sanctions against Kosrovani pursuant to RAP 18.9, as the superior court declined a similar request for CR 11 sanctions.

Kosrovani has filed in our Supreme Court a "motion to correct case caption and transfer case," in which he seeks to have nonparty Hansen added to the case caption and to have this appeal transferred to Division Two. In addition, Kosrovani filed in this court a motion to strike a pleading filed by RJM and to stay review of this case pending our Supreme Court's decision regarding transfer. We deny Kosrovani's motion to strike RJM's pleading, although that pleading is not pertinent to any decision currently before this court. We additionally deny Kosrovani's motion to stay review of the case. Our Supreme Court, of course, has full authority to decide any motion before it.

WE CONCUR:

_____  _____